1

2

3

4

5                     UNITED STATES DISTRICT COURT

6                   NORTHERN DISTRICT OF CALIFORNIA

7

8    JAMES MARVIN,                        No. C 09-3691 MHP (pr)

9            Petitioner,                  **ORDER TO SHOW CAUSE**

10        v.

11   C. NOLL, warden,

12           Respondent.
                                        /
13   ————————————————————————

14                          **INTRODUCTION**

15        James Marvin, an inmate at the Correctional Training Facility in Soledad, filed this

16   pro se action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  His petition is

17   now before the court for review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules

18   Governing Section 2254 Cases.

19                          **BACKGROUND**

20        Marvin states in his petition that he is serving a sentence of 26 years to life in prison

21   as a result of a 1981 conviction in Orange County Superior Court for first degree murder

22   with use of a deadly weapon.  His petition does not challenge his conviction but instead

23   challenges an October 23, 2007 decision by the Board of Parole Hearings ("BPH") to find

24   him not suitable for parole.  Marvin apparently filed unsuccessful habeas petitions in the state

25   courts, including in the California Supreme Court, before filing this action.

26

27

28

**United States District Court**
For the Northern District of California

**DISCUSSION**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

Petitioner alleges in his petition that the BPH's decision violated his federal right to due process because it was not supported by sufficient evidence. Liberally construed, this claim is cognizable in a federal habeas action.

The court is aware that a decision in a particular case pending in the Ninth Circuit may provide guidance for the consideration of the petition. In Hayward v. Marshall, 9th Cir. Case No. 06-55392, the panel's published decision, 512 F.3d 536 (9th Cir. 2008), was vacated when rehearing en banc was granted on May 16, 2008. The en banc oral argument took place on June 24, 2008, and the parties have finished their original briefing, as well as two supplemental rounds of briefing. There is no set date for a decision in the Hayward, however. Respondent should not seek a stay of this action pending a decision in Hayward. See Yong v. INS, 208 F.3d 1116, 1120-22 (9th Cir. 2000) (it is an abuse of discretion for a district court to stay a habeas petition indefinitely pending resolution of a different case involving parallel issues on the basis of judicial economy). As an alternative to a stay, the court will be receptive to a reasonable request for an extension of time if a decision in Hayward is not issued by 30 days before the date respondent's brief is due.

<div style="text-align: right; writing-mode: vertical">

**United States District Court**
For the Northern District of California

</div>

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**CONCLUSION**

For the foregoing reasons,

1.     The petition's federal claim warrants a response.

2.     The clerk shall serve by certified mail a copy of this order, the petition and all attachments thereto upon respondent and respondent's attorney, the Attorney General of the State of California.  The clerk shall also serve a copy of this order on petitioner.

3.     Respondent must file and serve upon petitioner, on or before **June 4, 2010**, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued.  Respondent must file with the answer a copy of all portions of the parole hearing record that have been previously transcribed and that are relevant to a determination of the issues presented by the petition.

4.     If petitioner wishes to respond to the answer, he must do so by filing a traverse with the court and serving it on respondent on or before **July 9, 2010**.  Petitioner's traverse may not exceed 20 pages in length.

5.     Petitioner is responsible for prosecuting this case.  He must keep the court informed of any change of address and must comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED:   February 12, 2010

_____
Marilyn Hall Patel
United States District Judge